UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DWAYNE EDMOND WILSON,<br>    Plaintiff,<br>v.<br><br>JOSEPH, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-10863<br><br>Sean F. Cox<br>Chief United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF No. 10)

**A.   DISCUSSION**

Plaintiff Dwayne Wilson filed this prisoner civil rights suit, without the assistance of counsel, on April 14, 2023. (ECF No. 1). He later filed a motion in which he seeks Court intervention to stop officials from tampering with his legal mail and denying care pertaining to his heart condition. (ECF No. 10). This case was referred to the undersigned for all pretrial proceedings. (ECF No. 14).

The motion for injunctive relief should be **DENIED** for two reasons.

The first reason is that the actions and parties complained of in the motion are unrelated to the actions and parties complained of in the complaint. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders ("TRO"). The decision to grant or deny injunctive relief falls solely within the

discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO or preliminary injunction." *Id.*; *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same factors to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted). A motion for preliminary injunctive relief is not the proper method for plaintiff "to

2

use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013); *see also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief.").

Plaintiff's complaint is about denial of medical care and retaliation while he was housed at the G. Robert Cotton Correctional Facility. (ECF No. 1). The motion complains of denial of legal mail and medical care pertaining to his heart condition at the St. Louis Correctional Facility, naming unnamed persons in the complaint. (ECF No. 10). Because the motion deals with matters wholly outside the complaint, it should be denied.

Second, even if the Court could consider the merits of the motion, Plaintiff was transferred to a different facility after he filed the motion. (ECF No. 11). That transfer renders his motion moot. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility."); *Abdur–Rahman v.*

3

*Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison).

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

**B.     PROCEDURES ON OBJECTION**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 8, 2024.

                                                  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 8, 2024.

                                                  s/Sara Krause
Case Manager
(810) 341-7850