UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DWAYNE EDMOND WILSON,<br>    Plaintiff,<br>v.<br><br>JOSEPH, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-10863<br><br>Sean F. Cox<br>Chief United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND CASE DEADLINES (ECF No. 77); GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 81); AND STRIKING HIS UNTIMELY MOTION FOR SUMMARY <u>JUDGMENT (ECF No. 79)</u>**

Before the Court are Plaintiff's motion to extend case deadlines by 30 days (ECF No. 77) and his motion for summary judgment (ECF No. 79). For the reasons below, the motion to extend is **DENIED** and the motion for summary judgment is **STRICKEN**.

On July 8, 2024, the Court reset the deadlines governing this case. Discovery was set to close on January 8, 2025, and dispositive motions were due by February 10, 2025. (ECF No. 64). This gave the parties six months to conduct discovery and then one motion to draft and file a dispositive motion. Defendants timely moved for summary judgment on February 10, 2025. (ECF No. 75). The Court gave Plaintiff until March 31, 2025, to file a response to that motion. (ECF No. 76).

On February 18, 2025, Plaintiff mailed his motion to extend case deadlines by 30 days. (ECF No. 77). Precisely what he wants extended and why are unclear. He asked that deadlines be extended "do to the fact." (*Id.* at PageID.776). He said that prison staff have been losing or misplacing his legal papers and as of the date of his motion, he had just received Defendant's motion for summary judgment. Because staff had been losing his documents, he was unsure what he has already sent to the Court. (*Id.* at PageID.777).

On February 19, 2025, after the deadline to do so, Plaintiff provided his motion for summary judgment to be mailed to the Court. (ECF No. 79).

Defendants oppose an extension of case deadlines because, they argue, Plaintiff failed to establish excusable neglect or good cause for an extension. (ECF No. 80).

A case management order can be modified if there is "good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). The Court should also consider possible prejudice to the party opposing the modification. *Id.* "Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for 'why he

2

failed to move for the amendment at a time that would not have required a modification of the scheduling order.'" *Barnes v. Malinak*, 2017 WL 3161686, at \*2 (E.D. Tenn. July 25, 2017) (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010)).

Plaintiff moved to amend case deadlines after the deadlines passed. Federal Civil Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act *because of excusable neglect*." (Emphasis added). "[D]eterminations of excusable neglect sound in equity and take 'account of all relevant circumstances surrounding the party's omission.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Court balances five factors to determine whether excusable neglect is present: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Plaintiff has not shown excusable neglect or good cause to extend all case deadlines. To begin, it is unclear whether Plaintiff seeks an extension of discovery

3

and/or the dispositive motion deadline. He mentions seeking an extension "do to the fact," so presumably he wants more time for discovery. But discovery began in July 2024. Plaintiff did not explain his efforts to obtain discovery during the six-month period nor explain why he needs more time to conduct discovery now. Thus, he failed to show both excusable neglect and good cause to extend the discovery deadline.

Similarly, he gave no cause for extending the time to file dispositive motions. He has known since around July 8, 2024, that dispositive motions were due by February 10, 2025. Notably, Plaintiff did not say prison officials only recently were losing or misplacing his documents. If prison officials have been losing or misplacing his legal documents, Plaintiff was obligated to ask for this extension before the time for dispositive motions expired. To meet the February 10th deadline, Plaintiff should have been working on a motion for summary judgment well before then. If prison officials lost his legal documents during the time before the deadline, he could have filed a simple motion to extend explaining the reason for the extension. Plaintiff did not do so. He asked for the extension and filed a dispositive motion more than a week after the deadline passed.

These facts show that there is no good reason for the delay in seeking this extension. Plaintiff offered nothing to suggest that events beyond his control prevented him from seeking this extension in a timely manner. Though a 30-day

4

extension is not excessive, to extend fact and dispositive motion deadlines now, without good cause or a showing of excusable neglect, would prejudice Defendants who engaged in discovery during the discovery period and timely moved for summary judgment.

Because of Plaintiff's failure to show good cause and excusable neglect, his motion to extend is **DENIED**. And since case deadlines will not be extended, Plaintiff's motion for summary judgment was filed out of time without leave to do so, therefore Defendants' motion to strike (ECF No. 81) is **GRANTED** and the motion is **STRICKEN**.

Plaintiff's response to Defendants' motion for summary judgment is due by March 31, 2025, a little more than two weeks from today. If this is not enough time for Plaintiff, he may file a simple motion to extend that deadline explaining why he requires more time.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 11, 2025                           s/Curtis Ivy, Jr.
                                               Curtis Ivy, Jr.
                                               United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 11, 2025.

                                               s/Sara Krause
                                               Case Manager
                                               (810) 341-7850